UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:22-CR-150 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRYAN HARRIS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant-Petitioner. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court are Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF #43), Petitioner's Motion for Leave to Supplement 28 U.S.C.A. 2255 Motion (ECF #56), Petitioner's Motion for Leave to Submit Second Supplement to 2255 (ECF #59), Petitioner's Motion for Leave to Submit Second Supplement to 28 U.S.C.A. 2255 (ECF #61) and Petitioner's Motion for Evidentiary Hearing on Petitioner's Habeas Corpus Motion. (ECF #62.)  The Government has responded in opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and Petitioner has replied in support.

The Court **GRANTS** Petitioner's Motion for Leave to Supplement 28 U.S.C.A. 2255 Motion (ECF #56) and Petitioner's Motion for Leave to Submit Second Supplement to 28 U.S.C.A. 2255 (ECF #61) and **DENIES AS MOOT** Petitioner's Motion for Leave to Submit Second Supplement to 2255 (ECF #59).  The Court has considered the additional substantive arguments presented in Petitioner's motions for leave to supplement and addresses those

1

arguments below and alongside the arguments presented in his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

**BACKGROUND FACTS**

On two separate dates in April 2021, DEA agents organized a controlled buy of crack cocaine from Petitioner through a confidential source. The buys were made at Petitioner's residence in Youngstown, Ohio. After the second buy, law enforcement executed a search warrant at Petitioner's residence where they recovered cocaine base, methamphetamine, marijuana, other drug paraphernalia, three firearms and ammunition.

Following the search, an indictment was filed charging the Petitioner with two counts of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and one count of Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2). Petitioner entered an open plea to all the charges on October 20, 2022.

For purposes of sentencing, the parties agreed the charges should be group under United States Sentencing Guidelines § 3D1.2 and the cocaine base would be treated as powder for drug weight determination, thus, based on U.S.S.G. § 3D1.3(a), the Felon in Possession charge would control the base Offense Level calculation because it resulted in the higher base Offense Level. Accordingly, the base Offense Level was 20. The Government sought a 2-level enhancement under § 2K2.1(b)(1)(A) because Petitioner was found with three firearms, and a 4-level enhancement under § 2K2.1b(6)(B) because the firearm was possessed in connection with another felony. Petitioner sought a 2-level adjustment for acceptance of responsibility under § 3E1.1.

During the sentencing hearing, the Court heard argument regarding the § 2K2.1(b)(1)(A) multiple firearm enhancement, including colloquy from Petitioner explaining the facts of the situation, and his acceptance of responsibility. Ultimately, the Court concluded that the multiple firearm enhancement applied and that Petitioner was entitled to a 2-level adjustment for acceptance of responsibility. The Court found Petitioner's Offense Level was 24, his Criminal History category was V, and the guideline sentence range was 92 to 115 months. The Court sentenced Petitioner to a term of 139 months through an upward variance, citing Petitioner's past behavior, his criminal history and his committing the subject offenses while on parole.

## LAW AND ARGUMENT

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States,* 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

## DISCUSSION

In his original motion to vacate Petitioner raises two grounds for relief: ineffective assistance of counsel during the plea process and a due process violation. Petitioner's ineffective assistance of counsel claim makes two arguments: his counsel failed to advise him of the full consequences of his plea, advising Petitioner that he would receive a five-year sentence and his counsel failed to get DNA tests for the firearms found at the residence to prove Petitioner never saw or touched the third gun that was found. Petitioner adds the firearms were not tested for operability. Petitioner asserts his due process rights were violated when he was muted during his sentencing over Zoom due to his conduct.

Petitioner asserts in his motions for leave to supplement his petitioner that the Court miscalculated his criminal history category and, although no objection was raised at sentencing, the matter is subject to plain error review.

**A. Petitioner has failed to raise a meritorious ineffective assistance of counsel claim.**

Petitioner asserts that his received ineffective assistance of counsel because his lawyer advised him that if he entered an open plea he would receive a five-year sentence. Petitioner entered an open plea, but he did not receive a five-year sentence.

Ineffective assistance of counsel claims are guided by the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), where the Supreme Court formulated the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687; see *Missouri v. Frye,* 566 U.S. 134, 140 (recognizing that the right to effective assistance of counsel applies to the plea process); *Lee v. United States,* 582 U.S. 357, 364-65 3

4

(citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)) (applying the *Strickland* test in the context of guilty pleas).

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof." *Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005). "Proving prejudice is not easy" because the petitioner is confronted with the "high burden" of demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Monea v. United States,* 914 F.3d 414, 419 (6th Cir. 2019) (citing *Davis v. Lafler,* 658 F.3d 525, 536 (6th Cir. 2011)). The petitioner must demonstrate the constitutional violation because it is "presumed that the lawyer is competent." *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). A claim alleging ineffective assistance of counsel that challenges the validity of the plea must demonstrate a reasonable probability that, but for the error committed by counsel, the defendant would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States,* No. 3:07-cr-0635, 2008 U.S. Dist. LEXIS 11183, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v.*

5

*Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States,* No. 3:20-cv-00121, 2020 U.S. Dist. LEXIS 78874, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster*, 403 F.3d at 221-22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 U.S. Dist. LEXIS 5325, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers,* 170 F.3d 560, 560-66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

The record reflects Petitioner was asked questions by the Court during his change of plea hearing and offered no objection that would lead the Court to find his counsel was ineffective. First, the Court asked Petitioner if he understood everything that happened in the case so far and he replied "yes." (ECF #49.) When asked if anyone had made any threats or offered any promises to compel his change of plea, Petitioner replied "no." *Id.* When asked at if he was satisfied with his counsel, Petitioner replied "yes." *Id.* Petitioner confirmed he understood each of the counts. *Id.* The Court asked Petitioner if he agreed that if the case proceeded to trial, the Government could prove the facts beyond reasonable doubt and the facts supported the elements of each charge. Petitioner replied "yes" to all assertions. *Id.* He also confirmed that he understood the potential sentence he faced after pleading guilty. *Id.* Defense counsel confirmed that he went over and discussed the Presentence Investigation Report with Petitioner. *Id.*

6

Finally, given the opportunity by the court to ask question or receive clarification or understanding on anything, Petitioner replied "no." *Id.* In sum, the record shows that Petitioner understood the charges, the potential penalties and stated no promises had been made to secure his change of plea and he was satisfied with his counsel.

Under settled Sixth Circuit authority, Petitioner is bound by his statements given under oath at the plea hearing. *See Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'") (quoting *Moore v. Estelle,* 526 F.2d 690, 696-97 (5th Cir. 1976)). "[E]ven if counsel gives a defendant erroneous information, a defendant is not entitled to relief if the misinformation is 'directly refuted on the record' by the district judge during a plea colloquy." *Cadavid-Yepes v. United States,* 635 F. App'x 291, 299 (6th Cir. 2016) (quoting *United States v. Todaro,* 982 F.2d 1025, 1029 (6th Cir. 1993)). Here, regardless of what Petitioner's counsel may have told him, the Court expressly asked if Petitioner understood that he would not have the ability to withdraw his plea if the Court does not accept any recommendation of counsel or the Court gives him a sentence he did not expect or was otherwise dissatisfied with. Petitioner replied "yes." (ECF #49.) Petitioner is bound by that statement and his statement precludes any finding of ineffective assistance of counsel related to advice to enter an open plea.

Petitioner contends that his counsel was ineffective for failing to have one of the firearms tested for his DNA and another firearm tested for operability, essentially arguing that his counsel was ineffective for failing to nullify the 2-level enhancement under § 2K2.1(b)(1)(A) sought for possession of between three and seven firearms. Petitioner's arguments are without merit.

7

As an initial matter, the Sixth Circuit has made clear that operability of a firearm is not material:

> The statute, however, defines a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A) (emphasis added) *See United States v. Pleasant,* 469 F.2d 1121, 1125 (8th Cir. 1972) ("Congress specifically stated that the statute applies to inoperable firearms as well"). Congress did not limit the definition to include only operable firearms, and we will not do so here. As a matter of law, therefore, even possession of an unloaded, inoperable firearm is in violation of the statute.

*United States v. Bradley,* Nos. 89-6299, 89-6530, 1990 U.S. App. LEXIS 15178, at *4-5 (6th Cir. Aug. 27, 1990). Accordingly, the operability of one of the firearms would not impact application of § 2K2.1(b)(1)(A). A lawyer does not provide ineffective assistance of counsel by opting not to bring a losing claim. *Smith v. Warden,* No. 20-3472/3496, 2022 U.S. App. LEXIS 5654, at *9 (6th Cir. Mar. 1, 2022).

As to possession of the third firearm which Petitioner disavows, the record reflects during his change of plea hearing Petitioner admitted that the Government could prove beyond a reasonable doubt that Petitioner knowingly possessed, as a felon, three specific firearms and that fact could support the elements of the charge against him. The law in the Sixth Circuit is that admission of facts from a guilty plea should not be generally relied upon for sentencing enhancements, unless explicitly admitted by the Defendant. *United States v. Louchart,* 680 F.3d 635, 637 (6th Cir. 2012) ("Admission of facts from a guilty plea is limited to elements of the crime charged or those explicitly admitted to by the defendant.") Whether agreement after recitation of the specific firearms during the change of plea constitutes a specific admission to possession is too close a call to make and the Court declines to adjudicate this matter on this basis.

8

However, "[w]here ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker,* 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States,* 531 U.S. 198, 200, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001)). A Petitioner cannot make the required showing when the trial court considers and rejects the argument at issue. *See Alexander v. United States,* No. 24-3408, 2024 U.S. App. LEXIS 25930, at *5 (6th Cir. Oct. 15, 2024).

Here, the Court considered and rejected the argument at issue. During the sentencing hearing, application of § 2K2.1(b)(1)(A) was the subject of significant discussion between the Court, defense counsel, the Government and Petitioner himself. Defense counsel argued that the enhancement should not apply because there were multiple individuals residing in the house and the firearms were recovered in different rooms such that all three firearms should not be attributed to Petitioner. The Government proffered that Petitioner, in a post-arrest interview, disclosed that there were three firearms in the residence and identified their locations, concluding that "based on his interview, it sounds like he had control of the firearms." After argument, the Court concluded that the enhancement was proper. Accordingly, the issue was raised and rejected and Petitioner cannot demonstrate that his sentence was increased by the deficient performance of his attorney. Petitioner has failed to show that his counsel was ineffective.

**B. Petitioner has failed to raise a meritorious due process claim.**

The Sixth Circuit has made clear, "[i]n situations where the confrontation of witnesses or evidence is not implicated, a defendant has a due process right to be present 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.... [T]he presence of a defendant is a condition of due process to the extent

9

that a fair and just hearing would be thwarted by his absence, and to that extent only.'" *Harrington v. Warden, London Corr. Inst.,* No. 1:10-cv-751, 2012 U.S. Dist. LEXIS 48538, at *41 (S.D. Ohio Apr. 5, 2012) (quoting *U.S. v. Gagnon,* 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985)).

Petitioner has asserted that his due process rights were violated when he "was excluded from the courtroom by being put on mute when my conduct in the courtroom was not disruptive where the court could not be conducted and was never [given] a reduction at sentencing." The record belies Petitioner's claim.

During sentencing, Petitioner addressed the Court on at least two separate occasions describing at length the facts of the search of his residence, the other residents and their conduct as it related to the charges and the Petitioner's culpability. Petitioner readily admitted to some conduct and attempted to distance himself from other conduct. The Court considered Petitioner's statements but found that the multiple firearm enhancement applied and moved on to examine the Presentence Report in advance of announcing Petitioner's sentence. It was at this point that Petitioner sought to reassert himself into the proceeding. The Court muted Petitioner so that it could conclude its examination and sentence Petitioner. Under these facts, Petitioner's due process rights are not implicated by his muting because it did not thwart a fair and just hearing. *Cf. United States v. Braman,* 33 F.4th 475, 480 (8th Cir. 2022) ("Here, Braman's muting did not compromise his right to due process. The matters discussed while he was muted were the § 3553(a) sentencing factors, the conditions of his supervised release, and his right to appeal. The muting did not adversely affect counsel's ability to urge a favorable sentence. In these circumstances, the district court did not err, much less plainly err, in muting Braman during portions of the hearing when he would not be expected to speak.")

### C. Petitioner's sentencing claim is procedurally defaulted.

Petitioner states that he was arrested on October 13, 2016 on charges related to Mahoning County Case Nos. 2016 CR 1187 and 2016 CR 587. He then states, "while awaiting trial out on bound case number 2015CR1224 was add to those two cases as a single prior conviction." [sic] Under his recitation of the facts, Petitioner argues he should have received three fewer criminal history points in the calculation of his sentence under USSG § 4A1.2(a)(2), the section explaining whether multiple prior sentences should be counted together or separately, and asserts that the Court committed error in calculating his sentencing range.

However, Petitioner did not appeal his sentence and only now raises the argument on § 2255 collateral review. Accordingly, his argument is procedurally defaulted:

> Generally, if a defendant fails to assert a claim on direct appeal, it is procedurally defaulted. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003). A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States,* 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citations omitted).

*Manso-Zamora v. United States,* No. 15-1038, 2015 U.S. App. LEXIS 22992, at *4-5 (6th Cir. June 9, 2015).

Petitioner's motion does not address his procedural fault. He provides no cause for failing to raise this issue on direct review. Further, Petitioner admitted his guilt through an open plea and thus, cannot demonstrate actual innocence. Accordingly, the issue is procedurally defaulted and is also generally not cognizable under § 2255. *See Snider v. United States,* 908 F.3d 183, 189 (6th Cir. 2018) (a challenge to an advisory guideline range "is not cognizable under § 2255"); *United States v. Delaney,* 2016 U.S. Dist. LEXIS 43160, 2016 WL 1258960, *3 (E.D. MI 2016) (Hood, C.J.) ("[s]ection 2255 does not apply to errors in calculation of the

11

Sentencing Guidelines 'absent a complete miscarriage of justice.'") (quoting *Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999)).

**D. Petitioner is not entitled to an evidentiary hearing.**

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

Petitioner seeks an evidentiary hearing on the calculation of his Criminal History category. The Court finds that an evidentiary hearing is not warranted in the present case because a review of the record shows the issue is conclusively defaulted.

## CONCLUSION

In accord with the preceding, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF #43) and Petitioner's Motion for Evidentiary Hearing on Petitioner's Habeas Corpus Motion (ECF #62) are **DENIED**.

The Court **DECLINES** to issue a Certificate of Appealability under 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

      /s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: January 22, 2025**